IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-21-CV-213-KC |
| | § | |
| THE DESIGN LAZA, INC; and ALI KHAN, | § § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Plaintiff's Request for Entry of Default Judgment for Sum Certain ("Motion"), ECF No. 20. For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

I.     BACKGROUND

This case involves alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.[1] Plaintiff has been on the national Do Not Call Registry since 2007. Compl. ¶ 42, ECF No. 1. But starting in July 2021, he began to receive a series of prerecorded calls that followed similar scripts. *Id.* ¶ 23. According to Plaintiff, these calls were meant to solicit personal information—such as the call recipient's birthdate, social security number, and credit card number—under the pretense of providing credit-card-debt relief. *Id.* ¶¶ 24–25, 29. On August 10, 2021, Plaintiff traced the source of these calls to Defendant the Design Laza, Inc.

---

[1] Plaintiff's Complaint also alleges violations of Texas Business and Commerce Code 305.053. Compl. 14, ECF No. 1. But his Motion and supporting Affidavit do not seek damages for violations of Texas law. *See* Aff. ¶ 2, ECF No. 20-1. Accordingly, the Court does not consider Plaintiff's state law claims any further.

("Design Laza").[2]  *Id.* ¶ 31.  On the same day, he contacted a representative of Design Laza and told the representative "he was not interested and not to call anymore."  *Id.*  Plaintiff nonetheless continued to receive calls from Design Laza.  *Id.* ¶ 32.  In total, Plaintiff received thirty-six calls from Design Laza.  *Id.* ¶ 45.  Plaintiff contends that all of these calls were made through an automatic telephone dialing system ("ATDS"), and that Design Laza made these calls despite failing to maintain a written do-not-call policy as required by federal regulations.  *Id.* ¶¶ 46, 50.

Plaintiff filed his Complaint on September 13, 2021.  Compl. 1.  Plaintiff properly served Design Laza, but Design Laza failed to make an appearance within twenty-one days of being served, as required by Federal Rule of Procedure 12(a).  *See* Summons Returned Executed, ECF No. 7.  Accordingly, the Clerk entered a default against Design Laza.  Entry of Default, ECF No. 18.  This Motion, supported by Plaintiff's Affidavit, ECF No. 20-1, followed.

## II.   STANDARD

The clerk of the court shall enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  After the clerk enters default, a party may move for a default judgment.  *See* Fed. R. Civ. P. 55(b); *see also N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  A court enters default judgment only if there is "a sufficient basis in the pleadings for the judgment entered."  *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).  In assessing whether the complaint contains a sufficient basis for a default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil Procedure 8.  *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).  Rule 8 requires a pleading to contain "a short and plain statement of the

---

[2] Plaintiff's complaint also contains allegations against Defendant Ali Khan, but the Court dismissed Mr. Khan from the case.  *See* Mar. 15, 2022, Order, ECF No. 12.

2

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleadings of pro se litigants must be construed liberally. *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

Although a default judgment conclusively establishes a defendant's liability, it does not establish the amount of damages. *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). District courts have "wide latitude" regarding whether to hold an evidentiary hearing on the issue of damages. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see also* Fed. R. Civ. P. 55(b)(2)(B). A hearing is unnecessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp.* v. *Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Plaintiff in this case asks for liquidated damages prescribed by statute, so a hearing is unnecessary.

### III.    DISCUSSION

#### A.    Section 227(b) Violations

Plaintiff claims that each of Design Laza's thirty-six calls violated § 227(b) of the TCPA. *See* Aff. ¶ 2. Section 227(b) prohibits making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using [an ATDS]" to any phone number assigned to a "cellular telephone service . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1). The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1). Section 227(b) allows plaintiffs to recover at least $500 in statutory damages for each call made in violation of the subsection. *Id.* § 227(b)(3)(B).

Plaintiff has adequately alleged that each call placed by Design Laza violated § 227(b). Plaintiff's Complaint alleges that he "never consented to receive [Design Laza's] calls," Compl. ¶ 41, that "[n]o emergency necessitated the calls," *id.* ¶ 49, and that "[e]ach call was sent by an ATDS," *id.* ¶ 50. Plaintiff further alleges that each call began with a familiar, prerecorded script, *id.* ¶ 23, a fact which suggests that the calls were place with an ATDS. *See Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 WL 2688622, at *5 (W.D. Tex. May 10, 2021). Because Design Laza has defaulted, the Court accepts these allegations as true. *See Nishimatsu*, 515 F.2d at 1206. And because Design Laza placed thirty-six calls to Plaintiff using an ATDS, Plaintiff has stated a claim against Design Laza for thirty-six violations of § 227(b).

### B.  Section 227(c) Violations

In addition, Plaintiff claims that each of Design Laza's calls also violated § 227(c) of the TCPA. *See* Aff. ¶ 2. Section 227(c) authorizes the FCC to "prescribe regulations to implement methods and procedures for protecting the privacy rights" of residential telephone users. 47 U.S.C. § 227(c)(2). As relevant here, these regulations state that telemarketers "must have a written policy, available upon demand, for maintaining a do-not-call list," and that "[p]ersonnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list." 47 C.F.R. § 64.1200(d). Section 227(c) also creates a private right of action, allowing individuals who receive calls made in violation of the FCC's regulations to sue for damages. *Id.* § 227(c)(5). The subsection allows plaintiffs to recover at least $500 in statutory damages per violation. *Id.* § 227(c)(5)(B).[3]

---

[3] Plaintiffs may recover separate statutory damages under § 227(b) and § 227(c), even when the same call gives rise to both violations. *See Charvat v. NMP, LLC*, 656 F.3d 440, 448–49 (6th Cir. 2011); *Callier v. Keeping Cap., LLC*, No. EP-21-CV-00011-DCG, 2021 WL 2742766, at *5 (W.D. Tex. Apr. 22, 2021).

Plaintiff has adequately alleged that each call made by Design Laza violated § 227(c). Plaintiff's Complaint alleges that Design Laza "did not have a written do-not-call policy while it was sending [Plaintiff] the unsolicited calls," and that Design Laza "did not train its agents who engaged in telemarketing on the existence and use of any do-not-call list." Compl. ¶¶ 52–53. Both allegations state straightforward violations of the FCC's do-not-call list regulations, and the Court must take both allegations as true. *See Nishimatsu*, 515 F.2d at 1206. Because they were made in the absence of a do-not-call policy as prescribed by the FCC, each of the thirty-six calls made by Design Laza to Plaintiff also violated § 227(c).

C.     **Knowing and Willful Violations**

Finally, Plaintiff seeks treble damages for the TCPA violations caused by nineteen of the thirty-six calls placed by Design Laza. *See* Aff. ¶ 2. Both § 227(b) and § 227(c) provide that "the court may, in its discretion, increase the amount" of statutory damages to $1500 per violation if the defendant "willfully or knowingly violated" the subsection or the regulations prescribed therein. *See* 47 U.S.C. §§ 227(b)(3), (c)(5). A willful or knowing violation does not require "bad faith, but only that the [defendant] have reason to know, or should have known, that [its] conduct would violate the statute." *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001).

Plaintiff told a representative of Design Laza that "he was not interested and not to call anymore" on August 10, 2021. Compl. ¶ 31; Aff. ¶ 7. Therefore, as Plaintiff correctly asserts, "[e]ach and every call and text message from August 11, 2021, to September 7, 2021, were knowing and willful [TCPA] violations subject to treble damages." Aff. ¶ 10. However, Plaintiff's request appears to overstate the number of calls he received during this period. His Affidavit asserts that Design Laza "sent Plaintiff 19 robocalls" between August 11 and

5

September 7. *Id.* ¶ 9. But the list of phone calls provided in the Complaint only shows Plaintiff receiving fifteen calls during the same period. Compl. ¶ 45. According to the Complaint, Plaintiff received the remaining four calls on August 10, 2021. *Id.* Neither the Complaint nor the Affidavit indicate whether Design Laza placed these August 10 calls before or after receiving Plaintiff's message stating that he did not wish to receive any further communications. Owing to the discrepancy between the Complaint and Affidavit, the Court cannot determine whether four of the nineteen claimed calls constitute willful or knowing TCPA violations, and it declines to award treble damages for them. *See* 47 U.S.C. §§ 227(b)(3), (c)(5) ("[T]he court *may, in its discretion,* increase the amount . . . .") (emphasis added). Instead, the Court awards treble damages for the fifteen violations of § 227(b) and § 227(c) that took place between August 11, 2021, and September 7, 2021.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion, ECF No. 20, is **GRANTED** in part and **DENIED** in part. **IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** is **ENTERED** in favor of Plaintiff Brandon Callier, and against Defendant the Design Laza, Inc. Defendant **SHALL PAY** Plaintiff:

a. $10,500 in statutory damages for twenty-one violations of 47 U.S.C. § 227(b) pursuant to § 227(b)(3)(B);

b. $10,500 in statutory damages for twenty-one violations of 47 U.S.C. § 227(c) pursuant to § 227(c)(5)(B);

c. $22,500 in statutory damages for fifteen knowing and willful violations of 47 U.S.C. § 227(b) pursuant to § 227(b)(3); and

d. $22,500 in statutory damages for fifteen knowing and willful violations of 47 U.S.C. § 227(c) pursuant to § 227(c)(5).

In total, the Court **GRANTS** default judgment in favor of Plaintiff and against Defendant in the amount of $66,000 plus costs. Plaintiff may file a proposed bill of costs in accordance with Local Court Rule CV-54(a) within fourteen days of this Order.

**IT IS FURTHER ORDERED** that all monetary judgments awarded herein shall accrue post-judgment interest at the legal rate prescribed by 28 U.S.C. § 1961, calculated from the date of this Order.

The Clerk shall close the case.

**SO ORDERED.**

SIGNED this 29th day of November, 2022.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE